IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JOSE MALDONADO,<br>Plaintiff<br><br>v.<br><br>JOSHUA A. FILUTZE,<br>Defendant | Docket No. 1:23-cv-00068<br><br>*Electronically Filed*<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

NOW COMES the Plaintiff, Jose Maldonado, by counsel and in Answer to the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(B)(6) heretofore filed by Defendant, Joshua A. Filutze, respectful represents:

**PROCEDURAL HISTORY**

1.-4.    Admitted. Defendant agreed to provide Plaintiff with three video files in connection with the case and Plaintiff granted an extension of time to file this Motion.

**NATURE OF PLAINTIFF'S CLAIMS**

5.    Plaintiff's Complaint is a written document that speaks for itself. The complaint plainly states that Filutze's violated Plaintiff's constitutional rights by swearing out an arrest warrant against him with insufficient facts to support a reasonable finding of probable cause.

6.    Again, the Complaint speaks for itself and to the extent that Defendant's characterization varies from the Complaint, the Complaint controls.

## FACTUAL ALLEGATIONS RAISED AGAINST FILUTZE

7. Again, Plaintiff's claims are set forth in his Complaint, a written document that speaks for itself. The allegations in Plaintiff's Complaint must be considered in their entirety. It is true that Defendant omitted and overlooked the fact that Plaintiff was present in the premises for several hours and relied on the alleged victim, Wanda Lamberty's, statements that it looked as if the bag carried by Plaintiff contained a shoe cleaning kit. Filutze should have made that determination himself. He viewed the video which clearly demonstrates that there was no such object in the bag Plaintiff was carrying. Further, Defendant's Exhibit 1 demonstrates that Ms. Lamberty was a vindictive ex-wife who, as it turned out, made several false statements to Defendant which he simply accepted at face value without seeking any corroboration whatsoever.

## BASIS FOR DEFENDANT'S MOTION TO DISMISS

8. Defendant's Affidavit is not properly considered in connection with a Motion to Dismiss Pursuant to F.R.C.P. 12(B)(6) and constitutes hearsay insufficient to support a factual determination.

9. The interview with Ms. Lamberty was recorded. The body-worn camera is not "integral" to the claims raised by Plaintiff. The statements of Ms. Lamberty, likely being a vindictive former lover, should not have been taken at face value without seeking any of the readily available evidence to corroborate them.

10. It is admitted that the Defendant presented a criminal complaint to a Magisterial District Judge. It is denied that the Affidavit of Probable Cause, constituting solely of conclusory statements unsupported by evidence and without corroboration, justify the issuance of the arrest warrant. It lacks any explanation of where the

information came from and does not identify evidence supporting the charges.

11.     Denied. While Ms. Lamberty did make the statements Defendant claims, it does not appear that he had any prior dealings with her that would make her a reliable informant and some of the critical statements, such as Mr. Maldonado's status as a leaseholder, and that a probation officer ordered that Mr. Maldonado leave rather than reside in his house undermine Defendant's claim of probable cause.

12.     Officer Filutze 's belief that the information given to him by Lamberty amounted to probable cause.is not reasonable. Her false claim that Mr. Maldonado was not a leaseholder and her implausible claim that Mr. Maldonado had been evicted by his probation officer were not verified although that corroboration would have been readily available and disproved her statements. Ms. Lamberty's status as an ex-wife and her vindictive tone and statements undermine her reliability as a source of information, negating probable cause.

13.     Plaintiff would be able to amend his Complaint to note that Plaintiff was wearing different clothes upon leaving the house than he wore in, and that Defendant failed to corroborate any of Ms. Lamberty's statements despite her obvious bias and that he ignored readily available evidence that would have exonerated Plaintiff.

WHEREFORE, Defendant's Motion to Dismiss should be overruled.

    Respectfully submitted,

    MCNAIR LAW OFFICES, PLLC

    By:    s/ Timothy D. McNair
            Timothy D. McNair, Esquire
            Pa. ID#34304
            821 State Street
            Erie, PA 16501
            (814) 452-0700
            (814) 454-2371 (fax)
            tmcnair@mcnairlaw.com