IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JOSE MALDONADO, <br> Plaintiff <br><br> v. <br><br> JOSHUA A. FILUTZE, <br> Defendant | Docket No. 1:23-cv-00068 <br><br> *Electronically Filed* <br><br><br><br><br> **JURY TRIAL DEMANDED** |

### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)

**I.	Statement of the Case**

On March 6, 2022, Wanda Lamberty, Plaintiff Jose Maldonado's estranged wife, called the police and reported a "burglary" at her residence at 535 East 7th Street in Erie. At approximately 6:25 p.m., Defendant Filutze arrived at that residence and interviewed Ms. Lamberty. Ms. Lamberty told Defendant that Plaintiff was here "ex," that he had been at the house, that he was not permitted to be at the house per an "order" entered by his identified Probation Officer, "Bernatowicz," and that Plaintiff stole three random items of personal property. Based on Lamberty's statements, which were taken at face value, Filutze swore out an arrest warrant for Plaintiff, accusing him of the first-degree felony of Burglary, the third-degree felony of Criminal Trespass, and a misdemeanor count of theft. Plaintiff was subsequently arrested in a traffic stop and spent 161 confined at the Erie County Prison.

The Court of Common Pleas determined that there existed no probable cause to support the charges, granted his petition for Habeas Corpus, and Mr. Maldonado was

released. Thereafter, he filed this Complaint based on his false arrest and imprisonment without probable cause.

Defendant has filed a Motion to Dismiss Pursuant to F.R.Civ.P. 12(B)(6), alleging that the video of Filutze's interview of Lamberty constitutes unassailable probable cause and that Mr. Maldonado's Complaint should be dismissed. Aside from the fact that the Motion relies on evidence not pleaded in the Complaint or integral to the Complaint, Filutze is asking this Court to make a final ruling. Filutze claims that the arrest warrant, based on his uncritical acceptance of statements from an obviously vindictive ex-partner constitute probable cause by themselves even though they were false and even though he made no effort to seek readily available corroboration. Further, the primarily element of the burglary charge, that Mr. Maldonado was not permitted to be at the residence, was simply incredible and could easily have been corroborated.

During her statement to Defendant, Ms. Lamberty stated that because of disagreements between her and Plaintiff, that Plaintiff's "probation officer" demanded that he leave the residence and entered an "order" that he not be present. (Defendant's Exhibit "B, 0:01:08-0:01:35). In that conversation, Ms. Lamberty falsely stated that Plaintiff was "not on the lease," and gave a highly unlikely account that the Plaintiff broke into the house and left almost four hours later, although she did not call the police at that time. She showed Defendant two Ring doorbell videos, the first, taken at 7:02 a.m. shows Plaintiff entering the house while talking on his telephone wearing jeans, sneakers, and a black and white jacket. The second Ring video shows Plaintiff leaving the residence at 10:42 a.m. wearing grey sweatpants, white sneakers, carrying the black and white jacket and a plastic bag.

Based on his uncritical acceptance of Lamberty's uncorroborated statements, and without questioning whether as an "ex" she might be vindictive, Defendant applied for and received an arrest warrant for the Plaintiff charging him with burglary (ATP C.S. §3502(A)(1)(ii)), Theft of Personal Property 18 Pa.C.S. §3921, and Criminal Trespass, 18 Pa.C.S. § 3503(A)(1)(v). These charges, burglary and criminal trespass are felonies; the theft of personal property charge is a misdemeanor. Both the burglary and criminal trespass charge require evidence that the Defendant charged was not privileged or licensed to be on the premises.

Even though it would be extremely odd for a probation officer to direct a client to stop living at his home and essentially become homeless, as Ms. Lamberty claimed, Defendant made no effort to contact Mr. Maldonado's identified probation officer to verify that allegation. Further, although Ms. Lamberty stated that Mr. Maldonado was "not on the lease," Defendant did not take the simple step of seeking corroboration for this lie looking at a copy of the lease which would have been in her possession.

## II.   Argument

### A. Defendant's Motion Pursuant to 12(B)(6) is not proper in that it relies on documents outside the record.

As Defendant admits in his brief, in ruling on a Motion to Dismiss, a judge must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff might be entitled to relief," citing *Wayne Land & Mineral Group, LLC v. Delaware River Basin Comm'n,* 894 F.3d 509, 526-527 (3d. Cir., 2018). In *Wayne Land, supra,* the third circuit reversed the dismissal of a complaint because the word "project" was ambiguous and required evidentiary exploration.

> "Generally, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*,114 F.3d 1410, 1426 (3d Cir. 1997); *see Pension Benefit Guar. Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting that courts usually consider only the allegations in the complaint, attached exhibits, and matters of public record). If matters outside the pleadings are presented to and not excluded by the court, the motion to dismiss must be converted to a motion for summary judgment under Rule 56 and the court must give all parties a reasonable opportunity to present pertinent evidence. Fed. R. Civ. P. 12(d). "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment." In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426 (quoting *Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1220 (1st Cir. 1996)."

*Borough of Moosic v. Darwin Nat'l Assurance Co*. No. 12-3141, February 4, 2015 (3rd Cir. 2014).

Defendant argues that the body-worn-camera video is somehow "integral" to Plaintiff's complaint. Ms. Lamberty said what she said. This case is about Defendant's uncritical acceptance of her statements as fact, his ignoring of readily available evidence that would conclusively establish the presence or lack of an essential fact,, his seeking a warrant based exclusively on those statements without making or offering to the court any explanation why he failed to seek basic corroboration of those statements.

Further, there is other evidence reviewed by Defendant before the arrest, including the Ring doorbell videos that show Plaintiff entering the house, talking on the phone, wearing jeans, and him leaving almost four hours later, wearing sweatpants, and carrying a bag that does not definitively appear to hold the object claimed. Lamberty's assertion that Plaintiff had been "ordered" to leave the house by his probation officer is

4

not credible, but Defendant accepted it with no corroboration as evidence to support the essential element of the felony charges that Plaintiff was not permitted on the premises.

The simple fact is that Lamberty lied to Defendant. Mr. Maldonado *was* a leaseholder, had had not been ordered by his probation officer to live elsewhere, he had been at the residence for almost four hours, he changed his clothes while he was there, and it does not appear on the video that he was carrying the object Ms. Lamberty claimed he was.

The warrant application (Affidavit of Probable Cause) presented to the judge to secure the arrest warrant omitted the fact that Plaintiff was in the house for several hours and had changed his clothes, that the informant, though identified, had not given reliable information previously, and was the estranged wife of the Plaintiff, nor was the assertion of fact that the basis for the claim that Plaintiff was not permitted in the house came from a supposed (and highly unlikely) order from Plaintiff's probation officer. The fact that the informant had been drinking until the morning hours was omitted. No evidentiary facts were stated in the application, only blunt conclusions. The omissions were material and would have been considered by the judge issuing the warrant, who would likely have required confirmation of the facts supporting the essential elements of the charges.

This motion should not be converted to a summary judgment motion under Rule 56, in that there is essential discovery to be done, including the deposition of the defendant. The facts of what Officer Filutze did after his interview with Lamberty and before requesting the warrant are material and at this point, unknown. He may well testify that he verified the information given by Lamberty, or he may testify that he

requested the warrant based solely on her statements, resolving the obvious doubts against Plaintiff. This cannot be known until discovery is done.

### B. Plaintiff's complaint adequately states a claim.

There is no real question as to whether Plaintiff's complaint states a claim for a violation of 42 U.S.C. §1983. The issue is whether Defendant had probable cause to seek a warrant for Plaintiff's arrest, and whether he omitted relevant information from the warrant affidavit. These omissions are clearly pleaded. To the extent that the Court feels that the warrant application issue should be more clearly pleaded, that can be accomplished through amendment of the complaint.

As Judge McLaughlin pointed out in *Szalabawka v. Russo,* Case No. 1:09-cv-88-SJM (W.D. Pa. 9/28/2011)*,* "Typically, the existence of probable cause in a § 1983 action is a question of fact for the jury. *Wilson v. Russo*, 212 F.3d 781, 796 (3d Cir.2000) (*citing Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir.1997)); *Groman v. Township of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995). In appropriate cases, however, a court may conclude that probable cause did exist as a matter of law if the evidence, viewed most favorably to the plaintiff, reasonably would not support a contrary factual finding. *See Sherwood*, 113 F.3d at 401.

A finding of the existence of probable cause is not mandated here since factual issues make a determination that a reasonable basis existed for the issuance of the arrest warrant as a matter of law impossible.

### C. This court cannot determine that probable cause existed as a matter of law due to the failure of the Defendant to consider or seek readily available corroboration of his informant's statements.

Lamberty identified the Plaintiff as "my ex," and made it clear that she is seeking his imprisonment. At that point, she is merely an informant. Even though she is identified, Defendant had no reason to assume she was reliable. Her claim that Plaintiff's probation officer had evicted him from his home is suspicious and not credible. A probation officer would not put a client "into the wind" by forbidding him to enter his own residence without having the client make arrangements for a new residence. The East Seventh Street residence is where Mr. Maldonado is required to live under his probation contract. Defendant did not make the effort to contact Bernatowicz before requesting the arrest warrant, which would have been a simple phone call that would have given the lie to Lamberty's statement.

Defendant uncritically accepted Ms. Lamberty's false statement that Plaintiff was not on the lease for the property[1]. In fact, he is a leaseholder. Defendant did not even make the simple request that Lamberty show him the lease, which would have proved or negated a critical element of the burglary and trespass charges. No request was made, and no excuse for not being able to present the lease was given. This is such an obvious thing to do under the circumstances that Filutze's failure to do it negates any reliability that may have attached to Lamberty's angry statements about Plaintiff.

In his probable cause affidavit, defendant utterly fails to explain his sources of information or evidence corroborating his conclusory allegations that Plaintiff burgled the residence and stole a shoe-cleaning kit. He gives no facts supporting the credibility of Lamberty, and does not even mention Lamberty in the affidavit, making it appear as

---

[1] Ms. Lamberty frankly testified at Mr. Maldonado's Preliminary Hearing that Plaintiff was a leaseholder.

7

if he himself observed the events. While it is surprising that a warrant was even issued based on the Defendant's Affidavit, no court had the need to consider that issue given the testimony at the Preliminary hearing that formed the basis of the habeas corpus decision.

A jury could easily find that Defendant had no reason to attribute the necessary reliability to Lamberty, that it would have been reasonable to seek corroboration for her statements regarding the lease by asking her to produce it, as it is a major element of the crimes charged or called Plaintiff's probation officer to determine if he had, in fact, demanded that Plaintiff become homeless. One would think that a call would have been made to determine Plaintiff's address for serving the warrant, but apparently that was not done because the warrant was served at a traffic stop. Further, the Affidavit of Probable Cause is so deficient that a jury could conclude that Defendant had no faith in the evidence he was presenting, in that he does not identify the source of his allegations or set forth any reason that he found the source (Lamberty) to be credible.

> **D. Defendant is not entitled to the defense of Qualified Immunity because there exist triable issues of fact regarding the reasonableness of his decision to ignore readily available evidence.**

Failure to consider easily available exculpatory evidence will negate probable cause and overcome the qualified immunity defense. *Sevigny v. Dicksey*, 846 F.2d 953 (4th Cir. 1988), In this case, a question exists as to whether Defendant could have requested the alleged victim to produce the lease to demonstrate that Plaintiff's name was not on it, which it was. Presumably, the lease was readily available. Defendant, however, decided to file one of the most serious criminal charges in the book, a first-degree felony, against Plaintiff without verifying an essential element of the charge.

8

Defendant made no effort to verify the alleged victim's story about Plaintiff's probation officer making the unlikely decision to have Plaintiff move from his home without a new address by calling the identified probation officer, "Bernatowicz." Again, this evidence was readily available and given the seriousness of the charge, it was objectively unreasonable to file charges against Plaintiff with no corroboration.

There exist triable issues of fact regarding the existence of probable cause and the reasonableness of Defendant's failure to consider readily available evidence. In these circumstances, qualified immunity cannot justify the dis missal. *Johnson v. Jones,* 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995)

### III.     CONCLUSION:

The defendant failed to consider readily available evidence that would have negated the charges against Plaintiff. His failure to do so was unreasonable, and his uncritical acceptance of highly unlikely statements from the alleged victim, an obviously vindictive ex-wife, was likewise unreasonable. Substantial issues of fact exist that preclude entry of judgment against Plaintiff as a matter of law and preclude the application of Qualified Immunity at this point.

The court cannot consider this as a motion to dismiss under F.R.C.P 12(b)(6), in that it relies on evidence outside of or integral to the complaint. If this motion is converted to a Motion for Summary Judgment under F.R.C.P. 56, Plaintiff must be permitted to engage in discovery; consideration of only parts of the evidence advanced by the Defendant at this point would be premature.

Respectfully submitted,

MCNAIR LAW OFFICES, PLLC

By:   s/ Timothy D. McNair
      Timothy D. McNair, Esquire
      Pa. ID#34304
      821 State Street
      Erie, PA 16501
      (814) 452-0700
      (814) 454-2371 (fax)
      tmcnair@mcnairlaw.com