# IN THE UNITED STATES COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MALDONADO, | |
| Plaintiff | NO. 1:23-cv-00068 |
| v. | |
| JOSHUA A. FILUTZE, | |
| Defendant | JURY TRIAL DEMANDED |

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS

AND NOW, comes the Defendant, Joshua A. Filutze, and in reply to the Plaintiff's Response to the Defendant's Motion to Dismiss, replies as follows.

Plaintiff Maldonado does not cite to any legal authority nor articulate any legal or factual basis for his position that the body worn camera video is not integral to the claims raised by him and/or that the video should not be considered by the Court in deciding this matter.

Plaintiff also fails to cite any legal authority to support his contention that Officer Filutze, after gathering the information from Wanda Lamberty, had a further duty to investigate the case to determine whether the information provided by Lamberty was credible, corroborated or reliable.

Similarly, Maldonado fails to articulate any basis for his position that Officer Filutze is not entitled to qualified immunity.

Furthermore, Plaintiff does not identify any issues of material fact regarding the information that forms the basis of the Affidavit of Probable Cause which would either prevent this Court from deciding the Motion to Dismiss as a matter of law or that would justify a further amendment of Plaintiff's Complaint.

Finally, Maldonado does not explain how "essential discovery" will somehow reveal new or different facts essential to the Court's determination of whether probable cause existed and/or whether Officer Filutze is entitled to qualified immunity.

At the bottom of page 1 of Plaintiff's Brief in Opposition, he argues that the "Court of Common Pleas determined that there existed no probable cause to support the charges..." To the extent that Plaintiff infers that this is proof that there was a lack of probable cause for the *filing* of criminal charges against Mr. Maldonado, this argument is legally deficient. An analysis of the level of proof necessary for the filing of criminal charges is different than an analysis regarding the level of proof offered at a habeas corpus proceeding where the Court determines whether a prima facie case against an individual can be supported by the evidence offered.

Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge at the moment the arrest was made are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested. *Woodyard v. County of Essex*, 514 F.Appx. 177, 183 (3d Cir. Pa. 2013); quoting *Orsatti v. N. J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995). Once a police officer has discovered sufficient facts to establish probable cause, the officer has no constitutional duty to further investigate in hopes of finding exculpatory evidence. *Patterson v. School District of Philadelphia*, 2000 WL 1020332 (E.D. Pa. 2000).

The existence of probable cause for one offense justifies the arrest and defeats a claim of false arrest even if there was insufficient probable cause to arrest for other offenses. *Johnson v Knorr*, 477 F. 3d 75 (3d Cir. 2009)(citations omitted.).

Once criminal charges have been filed against a defendant, the individual is entitled to test the existence of probable cause at a preliminary hearing. "The preliminary hearing is not a

trial. The principle function of a preliminary hearing is to protect an individual's right against an unlawful arrest and detention…At this hearing, the Commonwealth bears the burden of establishing at least a *prima facie* case that a crime has been committed and that the accused is probably the one who committed it." *Commonwealth v. Perez*, 249 A.3d 1092 (Pa. 2021); citing *Commonwealth v. McBride*, 528 Pa. 153, 595 A.2d 589, 591 (1991) (citations omitted).

"A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense. Furthermore, the evidence need only be such that, if presented at trial and accepted as true, the judge would be warranted in permitting the case to be decided by the jury." *Commonwealth v. Perez*, 249 A.3d at 1102; (citations omitted).

In the instant matter, Mr. Maldonado went through a preliminary hearing at which the complainant, Wanda Lamberty, testified. At the conclusion of the preliminary hearing, the magisterial district judge concluded that the Commonwealth had presented a prima facie case to support the charges filed. As a result, all three charges were sent to the Court of Common Pleas for further prosecution. [*ECF 2-1, Amended Complaint,* ¶*20.*]

In the course of Mr. Maldonado's criminal prosecution, his attorney filed a Petition for Writ of Habeas Corpus challenging the sufficiency of the evidence produced at Maldonado's preliminary hearing. (Attached please find a copy of the Petition for Writ of Habeas Corpus filed in the Court of Common Pleas of Erie County, Pennsylvania, in the case of *Commonwealth v. Jose Ramon Maldonado, III* at docket number 885 of 2022, attached hereto and marked as Exhibit D.) In support of the Petition for Writ of Habeas Corpus, Maldonado's criminal defense attorney attached a transcript of an audio recording of the preliminary hearing for the trial court's consideration. (*Id.*) Maldonado's criminal defense attorney also drew the trial court's attention

to the fact that Maldonado's name was on the lease for the residence, the address of the residence was listed on Maldonado's driver's license and to various deficiencies or inconsistencies relative to Wanda Lamberty's preliminary hearing *testimony*. (*Id.*)

The Honorable John J. Mead of the Court of Common Pleas of Erie County, Pennsylvania, scheduled a hearing with respect to the Petition for Writ of Habeas Corpus. In his Opinion and Order, Judge Mead noted that at the time of the hearing on the Petition, the Commonwealth did not introduce any new or additional evidence but instead relied upon the preliminary hearing testimony of Wanda Lamberty. As noted by the Court, the Commonwealth did not elicit further testimony from Wanda Lamberty because she was "now out of state and it would cause substantial hardship for her to return to Erie." (Attached hereto and marked Exhibit E is a copy of the Opinion and Order of Judge Mead in the criminal prosecution of *Commonwealth v. Jose Ramon Maldonado, III* at docket number 885 of 2022.) After reviewing the transcript of the preliminary hearing, Judge Mead concluded that Wanda Lamberty's *testimony* was insufficient to support the charges that were filed. (*Id.*) Therefore, the Court granted the Petition for Writ of Habeas Corpus and dismissed all charges.

Given the fact that the purpose of a Petition for Writ of Habeas Corpus in the context utilized in the instant matter is to determine whether the *evidence presented at the preliminary hearing* is sufficient to warrant the continued prosecution of an individual, the focus of that proceeding is somewhat different than an analysis as to whether probable cause existed for the *filing* of charges to begin with. "In the pre-trial setting, the focus of the habeas corpus hearing is to determine whether sufficient Commonwealth evidence exists to require a defendant to be held in government custody until he may be brought to trial. To make this determination, the trial court should accept into evidence the record from the preliminary hearing as well as any

4

additional evidence which the Commonwealth may have available to further prove its *prima facie* case." *Commonwealth v. Morman*, 373 Pa. Super. 360, 541 A.2d 356, 367 (1988). Based upon the foregoing and in light of the contents of Exhibits D and E attached hereto, it is clear that Judge Mead did not make a determination that probable cause was lacking for the *filing* of the charges against Maldonado. Rather, Judge Mead reviewed the *testimony* of Wanda Lamberty from the preliminary hearing and determined that *it* was insufficient to support the charges going any further. Accordingly, Judge Mead dismissed the charges filed against Maldonado.

Based upon the legal and factual arguments set forth in the Defendant's Motion to Dismiss and Brief in Support, as well as all of the exhibits attached thereto and to the instant Reply, the Defendant, Joshua A. Filutze, respectfully requests an Order from this Honorable Court granting his Motion to Dismiss, with prejudice.

                                                Respectfully submitted,

                                                **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

                                                By _____
                                                   Patrick M. Carey, Esquire
                                                   717 State Street, Suite 701
                                                   Erie, PA 16501
                                                   (814) 480-7800

LEGAL/153367469.v1

IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MALDONADO, | NO. 1:23-cv-00068 |
| Plaintiff | |
| v. | JURY TRIAL DEMANDED |
| JOSHUA A. FILUTZE, | |
| Defendant | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Defendant's Reply to Plaintiff's Response in Opposition to Motion to Dismiss was duly served on all counsel of record and unrepresented parties on the 5th day of May, 2023, electronically, courthouse box or by mailing same to them at their designated offices by first class United States mail, postage prepaid.

Timothy D. McNair, Esquire
821 State Street
Erie, PA 16501
*Attorney for Plaintiff*

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

By_____
Patrick M. Carey, Esquire