COMMONWEALTH OF PENNSYLVANIA : IN THE COURT OF COMMON PLEAS
                                                            OF ERIE COUNTY, PENNSYLVANIA

V. : CRIMINAL DIVISION (Judge Mead)

JOSE RAMON MALDONADO III : NO. 885 of 2022

## PETITINON FOR WRIT OF HABEAS CORPUS

AND NOW, comes the defendant, Jose Maldonado, by and through his attorney, Rachael Downey Glasoe of the Erie County Public Defender's Office, who files this Petition for Writ of Habeas Corpus and states as follows:

1. Mr. Maldonado stands charged by Information with Burglary, Theft by Unlawful Taking, and Criminal Trespass.

2. Mr. Maldonado is currently incarcerated in the Erie County Prison in lieu of $5,000 cash bail.

3. Mr. Maldonado is without funds to post bail.

4. On April 11, 2022, a Preliminary Hearing was conducted on said charges, in which Mr. Maldonado challenged the sufficiency of the evidence to bind the charges over.

5. A transcript of the audio recording of said hearing is attached hereto.

6. Relative to the burglary and trespass charges, the only evidence offered to show Mr. Maldonado did not have permission to enter the residence in question was as follows:

    a. The alleged victim, Wanda Lamberty, had told Mr. Maldonado a month prior to the incident "that he couldn't be there."

    b. Ms. Lamberty testified that she did not "t[ell] him to come over" that night.

7. Testimony at the Preliminary Hearing presented the following information:

    a. Mr. Maldonado's name was on the lease for the residence.

    b. The address in question was the address on Mr. Maldonado's driver's license.


EXHIBIT D

    c. On the night in question, there were four people at the residence, and no testimony was given regarding what type of contact the other three people had with Mr. Maldonado.

    d. Ms. Lamberty spoke to Mr. Maldonado on the phone on the night of the incident and "woke up with him on [her] bed," but she'd had "too much to drink" and was not able to recall the entire phone conversation.

    e. Similarly, Ms. Lamberty did not testify to anything that happened between the phone call and the next morning.

8. Regarding the theft (which was the underlying offense for the burglary), the evidence presented was the testimony of Ms. Lamberty, who stated that she and her son noticed that "some stuff was missing" after she had gone to church following the incident with Mr. Rodriguez and that a camera showing him carrying "my things" out of the residence.

    a. Ms. Lamberty did not testify directly about whether or not she or the other occupants of the residence gave Mr. Rodriguez permission to remove any items from the house.

    b. Again, Ms. Lamberty did testify that she "had a little bit too much to drink" and did not fully recall the events of the incident.

9. No other evidence was presented to implicate Mr. Rodriguez in any wrongdoing related to the charged offenses.

10. Mr. Rodriguez respectfully submits that the Commonwealth has failed to make a *prima facie* case that he committed the offenses alleged.

a. As to the Criminal Trespass, it is the Commonwealth's burden to present evidence that Mr. Rodriguez entered the residence without permission. The Commonwealth has failed to do so.

b. As to the Burglary, it is the Commonwealth's burden to present evidence that Mr. Rodriguez entered the residence without permission with the intent to commit a crime therein. The Commonwealth has failed to do so.

c. As to the Theft, it is the Commonwealth's burden to present evidence that Mr. Rodriguez unlawfully exercised control over property with the intent to deprive the owner of the property. The Commonwealth has failed to do so.

WHEREFORE Defendant respectfully requests a hearing at which evidence and argument may be presented regarding why the charges against him should be dismissed.

Respectfully Submitted,

*[signature]*

Rachael D. Glasoe
PA Attorney #320280
210 East 2nd Street
Erie, PA 16507
(814) 451-6322

cc: The Honorable John J. Mead
District Attorney's Office (Attn: Jessica Reger)