| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA: | IN THE COURT OF COMMON PLEAS |
| | OF ERIE COUNTY, PENNSYLVANIA |
| v. | CRIMINAL DIVISION |
| JOSE RAMON MALDONADO | No: 885-2022 |
| August 31, 2022 | **OPINION AND ORDER** |

Defendant is charged with burglary, theft by unlawful taking, and criminal trespass. Defendant filed a Petition for a Writ of Habeas Corpus. A hearing was scheduled for August 31, 2022. The Commonwealth, however, requested the hearing be canceled and the Court rule on the petition based on the preliminary hearing transcript, because the victim is now out of state and it would cause a substantial hardship for her to return to Erie. Therefore, based on the Court's review of the transcript, the Petition is granted.

At the present stage, the Commonwealth must present a prima facie case by providing evidence of each of the material elements of the offense, and by establishing significant probable cause that defendant committed the offense. Commonwealth v. Haggins, 238 A.2d 862 (Pa. 2003). The evidence must be viewed in the light most favorable to the Commonwealth, and the Commonwealth may utilize the evidence presented at the preliminary hearing and also may submit additional proof. Commonwealth v. Dantzler, 135 A.3d 1109 (Pa. Super. 2016). Weight and credibility of the evidence are not factors at this stage. Commonwealth v. Ouch, 199 A.3d 918 (Pa. Super. 2018).

Defendant is charged with burglary and criminal trespass regarding his entrance into the residence at 535 East 7th Street. Defendant, however, is on the lease for the residence. He also lists it as his residence on his driver's license. The only evidence



that he was not permitted to be there was Ms. Lamberty's testimony that she told him "like a month prior" that he couldn't be there. (p.7–8) Ms. Lamberty, however, admitted talking to defendant on the phone late on the night of the incident, but couldn't recall the entire phone conversation. She admittedly had "a little bit too much to drink" that evening. (p.9) When she woke up the morning after the phone call, defendant was on the bed with her. The Court finds that under these circumstances, there is not a prima facie case presented that defendant did not have permission to enter the residence.

Defendant is also charged with theft of Ms. Lamberty's medical marijuana and a suitcase belonging to her son. The evidence at the preliminary hearing was that Ms. Lamberty noticed some stuff was missing after defendant left. (Tr.6) Ms. Lamberty also testified a camera at the residence showed her things in defendant's hands when defendant left the residence. (Tr.11) There is no testimony, however, that the things included her son's suitcase or marijuana. Moreover, there was testimony that there were other people at the residence that night. The Court therefore finds there is insignificant evidence of theft, and defendant's petition regarding theft is also granted.

For the above reasons, defendant's Petition for a Writ of Habeas Corpus is granted.

BY THE COURT:

JUDGE JOHN J. MEAD

cc:   Jessica Regar – ADA
      Rachel Glasoe - APD