IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JOSE MALDONADO,<br>Plaintiff<br><br>v.<br><br>JOSHUA A. FILUTZE,<br>Defendant | Docket No. 1:23-cv-00068<br><br>*Electronically Filed*<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

<u>**PLAINTIFF'S SUR-REPLY BRIEF**</u>

I. **Statement of the Case**

This is a case for false arrest and imprisonment under the violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983." Plaintiff has filed a Complaint alleging that the Defendant did not have probable cause for the issuance of the arrest warrant against Plaintiff for allegedly burglarizing his own home, which resulted in Plaintiff's imprisonment for 161 days. Defendant has offered a body-worn-camera video of Defendant's interview with the putative victim wherein the victim makes various incredible and likely false statements. The Defendant accepted these incredible statements as fact rather than applying common sense or seeking verification of the unusual statements and had a warrant for Plaintiff's arrest issued.

Specifically, Plaintiff's ex-wife falsely stated to the Defendant that Plaintiff's probation officer had "ordered" Plaintiff to move from the residence. Since this is obviously something a probation officer would not likely do, given that a stable

residence is a requirement for remaining on probation, it cannot support a finding of probable cause that Plaintiff entered the property without authority, as required for the two felony charges filed against him.

Plaintiff has filed a Brief in Opposition to Defendant's Motion to Dismiss and Defendant has filed a Reply.

## II. Argument

### Statements that are not credible are insufficient to constitute probable cause for an arrest warrant.

In response to Defendant's complaint that Plaintiff has failed to cite authority supporting the (obvious) proposition that incredible statements do not constitute probable cause, Plaintiff cites *U.S. v. Salmon,* 944 F.2d 1106 (3d Cir. 1991), in which it was held that statements made on a recording which were incredible and vitiated probable cause for the search of the defendant's vehicle, resulting in the reversal of a conviction for possession of a weapon. When confronted with statements of dubious reliability, further investigation is required.

Interestingly, in his reply brief and his principal brief, Defendant makes no effort whatsoever to explain either why Plaintiff's ex-wife's statements were incontrovertible or what other evidence he had that confirmed the ridiculous position she had taken. Without further evidence or rationale, the incredible nature of the statements does not constitute probable cause for issuance of a felony warrant and imprisonment for 161 days.

### III. Conclusion

Considering the *Salmon* case, Defendant's Motion should be denied since any statement that a probation officer would order a client to move from his residence is, simply, incredible as it flies in the face of the purposes of the probation system.

                Respectfully submitted,

                MCNAIR LAW OFFICES, PLLC

                By:   s/ Timothy D. McNair
                        Timothy D. McNair, Esquire
                        Pa. ID#34304
                        821 State Street
                        Erie, PA 16501
                        (814) 452-0700
                        (814) 454-2371 (fax)
                        tmcnair@mcnairlaw.com