IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JOSE MALDONADO,<br><br>Plaintiff<br><br>vs.<br><br>JOSHUA A. FILUTZE,<br><br>Defendant | CASE NUMBER 1:23-CV-00068-SPB<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>ORDER ON CONSIDERATIO OF<br>DEFEDNANT'S MOTION TO DISMIS<br><br>IN RE: ECF NO. 5 |

Upon consideration of the arguments presented by Counsel in open court on July 18, 2023, it is hereby ORDERED as follows:

1.  Defendant Joshua A. Filutze having submitted a video recording not relied upon by the Plaintiff in his Complaint, his motion to dismiss (ECF No. 5) will be converted to a motion for summary judgment. Because the video recording may or may not be dispositive of the issue of probable cause, the Court cannot say as a matter of law that it is integral to Plaintiff's claim. Therefore, conversion to summary judgment is appropriate. *Kulwicki v. Dawson*, 969 F.3d 1454, 1463, n.11 (3d Cir. 1992) (whether a motion to dismiss should be converted into a motion for summary judgment is left to the sound discretion of the district court); *Lopez v. United States*, 2023 WL 3901807, at *3 n.2 (E.D. Pa. June 8, 2023).

2.  It appears that the only extraneous evidence relied upon by Defendant Filutze in his motion is the body camera recording and the affidavit authenticating the recording. Because

the body camera recording is indisputably authentic and shows what it shows, the Court will not require Defendant to file a concise statement of material facts.

3. In the context of a motion for summary judgment, the Supreme Court of the United States has determined that the nonmoving party should be afforded "the opportunity to discover information that is essential to his opposition" to the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). During oral argument on the pending motion, counsel for Plaintiff made an oral motion for limited discovery. However, Defendant's motion to dismiss (now converted to one for summary judgment) raises the defense of qualified immunity. *See* ECF No. 6, pp. 4-5. 34. Qualified immunity is "intended to protect officials from the potential consequences of suit, including distractions from official duties, inhibition of discretionary action, and deterrence of able people from public service." *Thomas v. Indep. Twp.*, 463 F.3d 285, 291 (3d Cir. 2006). As such, the Supreme Court has explained that a government official who acts with qualified immunity is generally entitled to dismissal before the commencement of discovery. *See Mitchell v. Forsyth*, 472 U.S. 511 (1985). *See also Feibush v. Johnson*, 280 F. Supp. 3d 663, 665 (E.D. Pa. 2017) (quoting *Mitchell*). But the Supreme Court has never articulated a categorical bar against such discovery. Indeed, the Supreme Court explicitly recognized that discovery may be necessary to resolve an assertion of qualified immunity:

> Discovery involving public officials is one of the evils that *Harlow* [*v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)] aimed to address, but neither that opinion nor subsequent decisions create an immunity from all discovery. *Harlow* sought to protect officials from the costs of "broad-reaching" discovery, and we have since recognized that limited discovery may sometimes be necessary ... ."

*Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998). *See also Feibush*, 280 F. Supp.3d at 665 ("The standard upon which to determine whether to stay discovery in these instances strongly favors staying discovery until the qualified immunity issue is resolved; however, the standard is

permissive, leaving significant discretion to the district courts.") (citing *Mitchell*, 472 U.S. at 526). Here, the Court will allow limited discovery on the qualified immunity defense, restricted to a written request for production of documents. *See, e.g., Sureo v. Watkins*, 2016 WL 8716667, at *12 (E.D. Pa. Feb. 12, 2016); *Dino v. Pennsylvania*, 2009 WL 4730235, at *5 (M.D. Pa. Dec. 4, 2009) (permitting limited discovery on qualified immunity "in order to assist the Court in making such a determination."). Specifically, Plaintiff may request production of the police investigation file regarding the arrest of Plaintiff and the doorbell surveillance recording viewed by Defendant as part of his pre-arrest investigation. No further discovery is authorized at this time.

4.  Mindful that both counsel for Plaintiff and counsel for Defendant have advised the Court that they have upcoming vacation plans, the Court will authorize sixty days for the completion of limited discovery (i.e., until September 25, 2023).

5.  Plaintiff shall have until October 16, 2023 to file a supplemental brief and any exhibits based upon responses to the limited discovery authorized by this Order.

DATED this 26th day of July, 2023.

BY THE COURT:

_____
RICHARD A. LANZILLO
UNITED STATES MAGISTRATE JUDGE