IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE MALDONADO,<br><br>    Plaintiff<br><br>v.<br><br>JOSHUA A. FILUTZE,<br><br>    Defendant | NO. 1:23-cv-68<br><br>JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

WHEREAS, the parties believe that discovery in this action will involve the disclosure of confidential and/or evaluative information and confidential documents, including, but not limited to, police investigative records, videos and related documents and/or information related to the investigation of the complaint made by Wanda Lamberty occurring on March 6, 2022, at 535 East 7th Street, Erie, Pennsylvania, which is the subject of this litigation;

WHEREAS, the parties believe that the burden to prove that a document is properly marked "Confidential" should at all times remain with the party desiring that designation;

WHEREAS, as a means of facilitating the exchange of discoverable information, the parties have agreed to limit the disclosure of certain confidential information, as set forth herein, and, by their counsel, have agreed to give effect to the stipulations set forth below; and

WHEREAS, the Court has determined that the terms of the parties' agreement, set forth herein, are appropriate to protect the respective interests of the parties, the public and the Court;

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

**1. Discovery Material.** Documents, discovery responses, including interrogatory responses, responses to requests for admission, etc., deposition testimony, and other materials, or portions thereof, produced by any party or non-party (collectively, the "Producing Parties"), may

be designated as "Confidential" if the Producing Party reasonably and in good faith believes they contain confidential, privileged, proprietary or personal information. Such information shall be deemed "Confidential Information" and shall be subject to the provisions of this Protective Order (the "Order"). The party requesting the material shall be responsible for safeguarding all produced materials and information designated as Confidential Information.

2. **Designation by Producing Party.** The designation of Confidential Information described in paragraph 1 above shall be made by stamping or labeling the document or portions thereof containing Confidential Information with the legend "CONFIDENTIAL/SUBJECT TO PROTECTIVE ORDER" prior to its production or, if inadvertently produced without a legend, by furnishing written notice of the inadvertent production specifically identifying documents that should have contained the legend. Confidential Information may also be designated:

In answers to interrogatories and responses to requests for admissions containing Confidential Information by including the words "Confidential/Subject to Protective Order" in the specific answers to interrogatories or responses to requests for admissions containing Confidential Information; and

As to Confidential Information disclosed by a third party, including non-parties, by notifying all parties within thirty (30) days of receipt of such information that the information, or portions thereof, contain Confidential Information.

3. **Depositions.** Confidential Information may be used or marked as exhibits in depositions but shall remain subject to this Order. In the case of deposition testimony, counsel may note on the record that responses to particular questions or series of questions contain or may contain Confidential Information and request the reporter to mark the first page of the deposition transcript as "Containing Confidential Information." Parties may also designate

portions of the transcript as "Confidential" within thirty (30) days of receipt of the transcript by giving written notification to opposing parties and the court reporter. Only those portions of the transcript designated as "Confidential" shall be considered Confidential. Attendance at portions of depositions at which Confidential Information may be disclosed shall be limited to those persons designated as "Qualified Persons" in paragraph 5 below. Until expiration of the 30-day period, the entire deposition will be treated as Confidential under this Order. If no such designation is made within 30 days, such transcripts or exhibits shall not be subject to this Order.

4. **Authorized and Unauthorized Uses of Confidential Information.** Materials marked "Confidential" by the Producing Party, and the information contained therein, shall be kept confidential, shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose, or for any purpose other than the prosecution and defense of any aspect of this case. Access to and disclosure of Confidential Information shall be limited to those persons designated as Qualified Persons in paragraph 5 below. Nothing herein shall prevent the parties from publicly disclosing any of their own Confidential Information, as they deem appropriate.

5. **Storage of Confidential Information.** The sole repository of Confidential Information shall be the offices of those attorneys who have entered their appearance of record in this case. No copies of documents containing Confidential Information shall be disseminated outside any attorney's office, except for filing of record in this matter, or for use in Court in this matter.

6. **Qualified Persons Related to Confidential Information.** Confidential Information may be disclosed only to the following persons, hereafter designated as "Qualified Persons":

Named parties and counsel to the parties in this Action and the clerical, technical, paralegal, and secretarial staff employed or retained by such counsel, if any, who need to review such information in connection with this Action;

Retained and non-retained experts or consultants, including employees of the parties, used or retained by counsel or a party to the extent deemed necessary by counsel;

Persons noticed for depositions or designated as trial/hearing witnesses to the extent reasonably necessary, provided any such persons follow the procedure described in paragraph 6. If a party wishes to disclose Confidential Information to a deponent or witness under this provision, notice and an opportunity to object must be afforded to the opposing party. If the disclosure is at a deposition, hearing, or trial, notice may be given at the deposition, hearing, or trial;

The Court or any Court personnel, including court reporters or videographers appearing at depositions, hearings or trial, if any such proceedings occur in this case;

A person identified in the document as a subject of the communication, or having authored or previously received the document; and

Any person mutually agreed upon by the parties.

**7. Use of Confidential Information at Hearing/Trial.** Information identified as "Confidential" in accordance with this Protective Order may be disclosed in testimony at a hearing/trial of this Action or in other proceedings in this matter, subject to the rules of evidence and subject to such further orders this Court may enter.

**8. Use of Confidential Information in Court/Filings.** Confidential Information is not to be filed with the Court except when required in connection with motions or other matters pending before the Court, and only after the party seeking to file Confidential Information in

support of a motion or other matter pending before the Court first notifies all parties of its intent to file Confidential Information. Any Confidential Information of any type filed in support of a motion or other matter pending before the Court shall be filed under seal in accordance with the rules of this Court in an envelope marked with the title and caption of this Action, the title of each document being filed, and a statement substantially in the following form:

Pursuant to the Order of the Court dated      [Doc # ], this envelope containing the above-entitled documents filed by [the name of the party] is not to be opened nor the contents thereof displayed or revealed, except by the Court, or in accordance with an Order of the Court. The Court retains the power to determine whether the materials filed under seal shall remain sealed.

**9. Inadvertent Failure to Designate as Confidential Information.** Inadvertent failure to designate documents or information as Confidential Information shall not constitute a waiver of the Producing Party's claim to confidentiality, in whole or in part, provided that the Producing Party shall promptly notify the receiving parties in writing within ten (10) court days of such discovery. Upon receipt of such notice, each Receiving Party shall treat the material identified in the notice as Confidential Information, consistent with the terms of this Order. Each Receiving Party shall further notify every additional person or organization that received copies of or access to the material identified in the notice that such material contains Confidential Information, as defined by this Protective Order.

**10. No Waiver of Privilege.** This Order does not constitute a waiver of any party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, self-critical analysis privilege, law enforcement privilege or other applicable legal privilege. Inadvertent production of confidential documents subject to work-product

protection, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege. The party discovering the inadvertent production shall promptly notify the receiving parties in writing when it becomes aware of such inadvertent production. Within five (5) court days of receiving such notice, such inadvertently produced documents and all copies thereof shall be returned to the Producing Party or destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them, unless otherwise permitted by the Court.

No less than twenty (20) court days after providing notification of inadvertently disclosed information, the Producing Party shall produce a privilege log listing such information.

A Receiving Party may move the Court for an Order compelling production of the inadvertently disclosed information. Such motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. On any such motion, the Producing Party shall retain the burden of establishing its privilege or work product claims. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the inadvertently disclosed information.

Review of Confidential Information by any person pursuant to paragraph 10 shall not waive the confidentiality of that information and shall not waive any objection to production of that information.

**11. Privileged Communications Made Subsequent to Filing of Lawsuit.** No party shall be required to provide a privilege log for any document containing communications subject to the attorney-client privileged that occur(red) subsequent to the filing of this lawsuit.

12. **Order Survives Termination of Action.** This Order shall remain in full force and effect and survive the entry of any other Order resulting in termination of this Action, unless this Order is expressly modified or vacated by the Court, with all parties having had notice and an opportunity to be heard.

13. **Disposition of Confidential Information.** Within sixty (60) days after the final conclusion of this Action, including the termination of any appeals, and to the extent permitted by law, the parties and/or their counsel shall either return or destroy all materials designated as Confidential Information, including copies, extracts, and summaries thereof. This provision does not apply to (1) copies of any pleadings or other papers that have been filed with the Court; (2) any work product containing Confidential Information; or (3) any documents designated "Confidential" with respect to which confidentiality has been successfully challenged in accordance with paragraph 14, below.

14. **Court Retains Jurisdiction.** The Court shall retain jurisdiction over all persons or organizations authorized under paragraph 5 to receive Confidential Information for the limited purpose of enforcing such return and enforcing the continuing obligations of confidentiality imposed by this Order.

15. **Challenges to Confidentiality Designation.** If any party disagrees with the designation of materials or information as "Confidential," the party challenging the designation and the Producing Party shall first try in good faith to informally resolve the dispute. The Producing Party shall provide specific reasons as to why the materials or information are properly designated as "Confidential." If the dispute cannot be resolved informally, it shall be the responsibility of the Producing Party to file the appropriate motion with the Court no more than fourteen (14) days after the parties' informal attempts to resolve the issue have failed. Pending

the Court's decision on the motion, the information designated as "Confidential" shall be treated as though it were Confidential Information within the meaning of this Order. If the Producing Party does not file such a motion within fourteen (14) days of the service of its objection(s), the information shall be treated as non-confidential information, unbound by any restrictions contemplated within this Order. With respect to any motions relating to the confidentiality of documents or related information, the burden of justifying the designation shall lie with the Producing Party. All parties retain the right to appeal the decision of the Court.

16. **Subpoena by Other Courts or Agencies.** If a party (or its agent, officer, employee, representative, or attorney) receives a discovery request, subpoena, or other process seeking disclosure of Confidential Information, the party shall notify, via either First Class mail or email, the party, person, or entity who has designated the requested information or documents as "Confidential" that such a request has been made, and shall provide that party with an opportunity to file a motion for protective order or take other appropriate action prior to producing the requested information or documents. If the Producing Party does not file a motion for protective order within ten (10) days of such notice, the party receiving the request shall have no obligation to withhold any validly requested information which it would otherwise be legally obligated to produce.

17. **Modification Permitted.** Nothing contained in this Order shall prejudice the right of any party to seek modification or amendment of this Order by further Court order, upon motion and notice.

Through their undersigned counsel, the parties consent to entry of this Order:

Dated: ~~September~~ October 17, 2023

Timothy D. McNair, Esquire
McNair Law
*Attorney for Plaintiff*

Dated: ~~September~~ October 17, 2023

Patrick M. Carey, Esquire
Marshall Dennehey, P.C.
*Attorney for Defendant*

**IT IS SO ORDERED**

DATED: _____, 2023

BY THE COURT:

_____
Richard A. Lanzillo, Chief United States Magistrate Judge

LEGAL/156120693.v1