IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JOSE MALDONADO,<br>　　Plaintiff<br><br>v.<br><br>JOSHUA A. FILUTZE,<br>　　Defendant | Docket No. 1:23-cv-00068<br><br>*Electronically Filed*<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

I. **Statement of the Case**

This is a case for false arrest and imprisonment in violation of the Fourth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983." Plaintiff has filed a Complaint alleging that the Defendant did not have probable cause for the issuance of the arrest warrant against Plaintiff for allegedly burglarizing his own home, which resulted in Plaintiff's imprisonment for 161 days. Defendant has offered a body-worn-camera video of Defendant's interview with the putative victim wherein the victim makes various incredible and likely false statements (Defendant's Exhibit "B"). The Defendant accepted these incredible statements as fact rather than applying common sense or seeking verification of the unusual statements and had a warrant for Plaintiff's arrest issued.

At argument on the Motion to Dismiss, Plaintiff conceded that the video submitted by Defendant likely accurately recorded the conversation, the court chose to

consider the Motion to Dismiss as a Motion for Summary judgment, allowing limited further discovery and the submission of additional exhibits. Plaintiff served a request for production of documents on defendant who responded with a copy of the investigation case file. Plaintiff is filing that report with his opposition to the Motion for Summary Judgment. Defendant has also filed copies of two Ring Doorbell recordings from Plaintiff's residence showing him entering and leaving the house on March 6, 2022, at 6AM and leaving on March 6 at 10AM (Defendant's Exhibit "E").

Specifically, Plaintiff's ex-wife falsely stated to the Defendant that Plaintiff's probation officer had "ordered" Plaintiff to move from the residence. Since this is obviously something a probation officer would not likely do, given that a stable residence is a requirement for remaining on probation, it cannot support a finding of probable cause that Plaintiff entered the property without authority, as required for the two felony charges filed against him. Even if it did happen, it is well beyond the Probation officer's authority to exclude someone from his own residence.

II.   **Argument**

**THE EVIDENCE DOES NOT ESTABLISH PROBABLE CAUSE FOR PLAINTIFF'S ARREST AS A MATTER OF LAW**

"It is well-established that the Fourth Amendment „prohibits a police officer from arresting a citizen except upon probable cause."" *Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010) (citations omitted). Thus, a Fourth Amendment claim of false arrest will be established if the Plaintiff shows that the arresting officer lacked probable cause to

make the arrest. See *Fisher v. Matthews*, -- F. Supp. 2d – 2011 WL 1982920 at *29 (citing *Garcia v. County of Bucks*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001)).

Here, there is no question but that Plaintiff was arrested. He was confined for 161 days.

The Court must therefore consider whether the record would support a finding that probable cause for the arrest was lacking. Probable cause exists "when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offence has been or is being committed by the person being arrested." *Orsatti v. N.J. State Police*, 71 F.3d 480, 482-83 (3d Cir.1995). While this requires more than mere suspicion, it does not require a level of evidence as would support a conviction. *Fisher, supra*, at *31. Thus, this standard does not depend on the actual guilt or innocence of the arrestee; rather, it depends solely on whether the arresting officer had reasonable grounds to believe that the arrestee had committed the crime. See *Radich v. Goode*, 886 F.2d 1391, 1397 (3d Cir.1989). The test is an objective one based on the facts available to the officers "at the moment of arrest," *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994), rather than in hindsight. *Wright v. City of Philadelphia*, 409 F.3d 595, 602 (3d Cir.2005). Furthermore, whether the arresting officer acts in good faith or in bad faith in effectuating the arrest is irrelevant. *Whren v. United States*, 517 U.S. 806, 813–14 (1998).

Typically, the existence of probable cause in a § 1983 action is a question of fact for the jury. *Wilson v. Russo,* 212 F.3d 781, 796 (3d Cir.2000) (citing *Sherwood* v. *Mulvihill,* 113 F.3d 396, 401 (3d Cir.1997)); *Groman v. Township of Manalapan*, 47 F.3d 628, 635 (3d Cir. 1995). In appropriate cases, however, a court may conclude that

probable cause did exist as a matter of law if the evidence, viewed most favorably to the plaintiff, reasonably would not support a contrary factual finding. See *Sherwood,* 113 F.3d at 401.

Defendant contends that Plaintiff's ex-wife's statements unassailably establish probable cause that Plaintiff was not authorized to enter the residence. Specifically, the ex-wife lied about Plaintiff not being party to the lease (he was, as she honestly testified under oath at the preliminary hearing), and that he did not reside there, but these statements were contradicted by the Ring Doorbell videos of Plaintiff entering and leaving the residence. Lamberty showed Defendant two Ring doorbell videos, the first, taken at 7:02 a.m. shows Plaintiff entering the house while talking on his telephone wearing jeans, sneakers, and a black and white jacket. The second Ring video shows Plaintiff leaving the residence at 10:42 a.m., three and a half hours later, wearing grey sweatpants, white sneakers, carrying the black and white jacket and a plastic bag (Defendant's Exhibit "E").

Defendant simply ignored, in his probable cause analysis, the clear indications that Plaintiff was authorized to enter the home. First, he was there for three and a half hours. This is an unreasonable amount of time for a burglar to spend inside an occupied residence. Defendant further ignored the fact that Plaintiff had changed his clothes while in the residence, something a burglar is highly unlikely to do. While Defendant is not required to seek out evidence contradicting a finding of probable cause, it must be remembered that the probable cause determination was not Defendant's to make – he applied for an arrest warrant based on his statement of probable cause, which omitted these facts, which calls into question whether a reasonable Magistrate would have issued

the warrant. The Magistrate was not told of the number of hours Plaintiff was in the residence, the fact that he had changed his clothes, or the unlikely rationale for plaintiff's alleged lack of authority to be in the residence arose from a determination of a parole officer.

In looking at the Case Report Detail, it must be noted that Plaintiff's address was the home he was accused of burglarizing, (page 4) while a different address, 537 E. 7th St., was listed for the complaining witness, Wanda Lamberty. Though confronted with all of this information undermining a probable cause determination, Defendant chose to hold it all close to his vest, submitting a conclusory affidavit to the Magistrate that resulted in the issuance of a warrant for Plaintiff's arrest.

Lamberty's statement lacked credibility. What she said made no sense and could not be accepted by anyone with a working knowledge of the criminal justice system. Probation offers simply do not put their clients on the street, and Filutze had no indication that Plaintiff had another residence. An incredible statement cannot support probable cause. *United States v. Salmon*, 944 F.2d 1106 (3d Cir. 1991)(Conviction for unlawful possession of a weapon based on incredible statement dismissed.)

In this case, it cannot be said that the evidence compels a finding of probable cause as a matter of law such as would justify taking it from the jury. All the evidence came from an obviously hostile ex-wife, a good deal of the story made no sense, there was no explanation of the amount of time plaintiff was in the house or the fact that he changed his clothes, a clear indication that he lived there. A crucial element of probable cause, Plaintiff's lack of authority to be in the house, was supported only by a highly

suspicious story that he had been excluded by his probation officer, which makes no sense at all.

## **DEFENDANT IS NOT ENTITLED TO THE DEFENSE OF QUALIFIED IMMUNITY AS A MATTER OF LAW**

Defendant contends that even if probable cause was lacking, he is entitled to the defense of qualified immunity. Qualified immunity shields public officials from damage claims if their conduct does not violate a clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991).

The inquiry is whether, taking the facts in the light most favorable to the party asserting injury, shows the officer's conduct violated a constitutional right. *Curley v. Klem,* 298 F.3d 271, 277 (3d Cir.2002). If a violation is found, the question arises whether it would be clear to a reasonable officer that his conduct was unlawful. *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001))

In this case, if a jury construed the present record in the light most favorable to the Plaintiff and gave him the benefit of all reasonable inferences, it could find that Mr. Maldonado was subjected to an arrest in the absence of probable cause to believe that he entered the residence without authority. The question thus becomes whether it would be clear to a reasonable officer that this conduct was unlawful in the situation this Defendant confronted. A reasonable police officer would have known that the mere

statement of an estranged spouse coupled with facts militating against a lack of authority to be in the residence did not constitute probable cause.

The Defendant cannot dispute that the general right to be free from arrest without probable cause was well established as of the time of his challenged conduct. Since a reasonable jury, considering the evidence in the light most favorable to Plaintiff could find that Plaintiff was arrested without probable cause, the issue of probable cause and qualified immunity must be left to a jury.

## **CONCLUSION**

Given that the informant's statement to Defendant was inherently incredible and that fact that defendant withheld from the Magistrate evidence calling into question the existence of probable cause, it cannot be said that probable cause is established as a matter of law. It is a question to be decided by a jury. Defendant is not entitled to dismissal based on qualified immunity as a matter of law nor to dismissal based on probable cause as a matter of law.

The Motion for Summary Judgment should be denied.

                                       Respectfully submitted,

                                       MCNAIR LAW OFFICES, PLLC

                                       By:   s/ Timothy D. McNair
                                                  Timothy D. McNair, Esquire
                                                  Pa. ID#34304
                                                  821 State Street
                                                  Erie, PA 16501
                                                  (814) 452-0700
                                                  (814) 454-2371 (fax)
                                                  tmcnair@mcnairlaw.com